# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **BARRY S. TAYLOR,** | ) CASE NO. 8:06CV561 |
| **Plaintiff,** | ) |
| v. | ) |
| | ) **MEMORANDUM** |
| **LOCAL UNION NO. 16 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA,** | ) **AND ORDER** |
| **Defendant.** | ) |

This matter is before the Court on the Motion to Dismiss based on the Court's alleged lack of jurisdiction filed by Local Union No. 16 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada (hereafter referred to as the "Plumbers UA Local 16" or the "Local"). The Plaintiff, Barry S. Taylor, opposes the motion. The issues have been fully briefed, and evidence in support and in opposition to the motion has been considered. (Filing Nos 7, 8, 11, 12, 15).

**Factual Background**

Plumbers UA Local 16, through its business manager Stephen M. Anderson, filed written notification of a grievance against Barry Taylor, the Plaintiff in this action, in which the Local alleged that Taylor was in violation of Article 1 of the multi-employer collective bargaining agreement between the Plumbers UA Local 16 and the Mechanical Contractors Association of Omaha, Inc. (hereafter the "CBA"). (Filing No. 15, Taylor Aff. Ex. A). In the grievance, the Local alleged that Taylor breached the CBA by diverting work from Taylor

Plumbing, which is a union shop, to another of Taylor's businesses, Ben Franklin Plumbco, Inc., which is a non-union shop. (*Id.*)

Taylor, who is identified in the Local's written notification of the grievance as the operator of Taylor Plumbing, acknowledges that he is the president and sole shareholder of Taylor Plumbing. (*Id.* ¶3). Taylor Plumbing is a member of the Mechanical Contractors Association of Omaha ("MCA") and a signatory to the CBA. (*Id.* ¶ 4). Taylor states that he is not a member of the union; he is not a member of the MCA; and he is not a party to the CBA. (*Id.* ¶¶ 11, 12).

In its motion to dismiss, the Local argues that the Court should dismiss the case based on an alleged lack of jurisdiction. The Local argues that the only issue presented in this action relates to the sufficiency of the grievance filed by the Local against Taylor. The sufficiency of a grievance, the Local contends, is a matter within the scope of the arbitration clause of the CBA and should be decided by the arbitrator. Taylor rejects the Local's implied argument that his status as president and sole shareholder of Taylor Plumbing makes him a member of the MCA or otherwise binds him to the CBA. He argues that this Court has jurisdiction over the parties and subject matter pursuant to the Labor-Management Relations Act, codified in part at 29 U.S.C. § 185(c). Taylor characterizes his action as a "gateway" action in which he seeks a declaration from the Court that he is not bound by the terms of the CBA.

**Standard of Review**

This matter is before the Court on the Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). With regard to jurisdictional determinations, a federal district court

is entitled to consider matters outside the pleadings and is entitled to resolve fact issues in determining its jurisdiction. *McClain v. American Economy Ins. Co.,* 424 F.3d 728, 734 (8th Cir. 2005).

## Analysis

To resolve the pending motion, the Court need not consider the arbitration provision of the CBA. Plumbers UA Local 16 correctly argues that the United States Supreme Court has recognized that arbitration is the preferred method of resolving disputes under collective bargaining agreements. *Steelworkers v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 581-82 (1960). However, the Local's general argument ignores the principle supporting federal court jurisdiction over certain "gateway disputes" – that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit." *Id.* at 582. It follows from that principle that "compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty." *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 547 (1964).

The Eighth Circuit Court recently elaborated on the issue of arbitrability, recognizing that some issues are for a court to determine and other issues are for an arbitrator to determine. The Court stated,

> "[A] gateway dispute about whether the parties are bound by a given arbitration clause raises a 'question of arbitrability' for a court to decide." Whether a nonsigning party or a successor corporation is bound by an arbitration agreement or whether a "particular type of controversy" is covered by an "arbitration clause in a concededly binding contract" are examples of issues to be decided by the court. Conversely, whether grievance procedures have been followed or time limits satisfied are examples of issues to be decided by the arbitrator. The key is whether the question is

3

one the parties would likely have expected to be decided by the court or the arbitrator.

*Gaming World Intern., Ltd. v. White Earth Band of Chippewa Indians*, 317 F.3d 840, 852 (8th Cir. 2003) (quoting *Howsam v. Dean Witter Reynolds, Inc.,* 537U.S. 79, 84 (2002) (citations omitted.) [1]

I conclude that the matter alleged in the Complaint is a substantive gateway dispute. Taylor seeks a declaration regarding whether there is a valid agreement between him and the Plumbers UA Local 16 that requires him to arbitrate the union's grievance against him. Whether such an agreement between the parties exists is an issue to be resolved by the Court. For these reasons,

IT IS ORDERED that the Defendant's Motion to Dismiss (Filing No. 6) is denied.

DATED this 28th day of November, 2006.

                                      BY THE COURT:

                                      s/Laurie Smith Camp
                                      United States District Judge

---

[1] Though *Howsam* relates to the applicability of rules governing a dispute before the National Association of Securities Dealers and *Gaming World* resolved an issue related to the tribal exhaustion doctrine, I find the courts' analyses of the arbitrability issue equally applicable in the labor relations context.