IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **BARRY S. TAYLOR,** | CASE NO. 8:06CV561 |
| **Plaintiff,** | |
| v. | |
| | MEMORANDUM |
| **LOCAL UNION NO. 16 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA,** | AND ORDER |
| **Defendant.** | |

This matter is before the Court on the Motion to Dismiss (Filing No. 17) based on the absence of present controversy, filed by Local Union No. 16 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada ("Local 16").

Local 16, through its business manager Stephen M. Andersen, allegedly filed a written notification of a grievance against Barry Taylor, the Plaintiff in this action, on or about June 12, 2006, asserting that Taylor was in violation of a multi-employer collective bargaining agreement (the "CBA") between Local 16 and the Mechanical Contractors Association of Omaha, Inc. (Complaint, Filing No. 1, ¶ 5 and Ex. 2). Taylor brought this action, seeking a declaration regarding whether there is a valid agreement between him and Local 16 that requires him to arbitrate the union's grievance. (Filing No. 1, ¶ 12).

Local 16 has moved to dismiss Taylor's action, for lack of a present controversy, noting that on December 11, 2006, Andersen withdrew the grievance. (Letter of Stephen

M. Andersen, dated December 11, 2006, Filing No. 18-2)[1]. Taylor does not oppose the dismissal. (See Filing No. 19).

## STANDARD OF REVIEW

Essentially, the Defendant asserts that this action should be dismissed because the Complaint is moot. The United States Court of Appeals for the Eighth Circuit has recognized two varieties of mootness, requiring differing approaches:

> Article III mootness arises from the Constitution's case and controversy requirement: "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000); see U.S. Const. Art. III, § 2, cl.1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* . . . If an issue is moot in the Article II sense, we have no discretion and must dismiss the action the lack fo jurisdiction. See *Powell v. McCormack*, 395 U.S. 496, 496 n.7, 89 S.Ct. 1944, 23 L.Ed2d 491 (1969).
>
> On the other hand, prudential mootness,"[t]he counsin of the mootness doctrine, in its strict Article III sense, is a melange of doctrines relating to the court's discretion in matters of remedy and judicial administration." *Chamber of Commerce v. United States Dep't of Energy*, 627 F.2d 289, 291 (D.C. Cir. 1980). Even if a court has jurisdiction under Article III to decide a case, prudential concerns may militate against the use of judicial power, *i.e.*, the court "should treat [the case] as moot for prudential reasons." *United States. v. (Under Seal),* 757 F.2d 600, 603 (4th Cir. 1985).

*Ali v. Cangemi*, 419 F.3d 722, 723-24 (8th Cir. 2005)

"Defendants who argue mootness due to changed circumstances based on their own behavior face a heavy burden. This is because, in general, 'a defendant's voluntary

---

[1] Counsel are referred to NECivR 7.1(a)(2)(c) which requires that "[a]ny documents filed with the index must be identified and authenticated by affidavit. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters states therein, and identify the motion in connection with which the affidavit is filed." The Defendant's presentation of evidence does not comply with the Court's Local Rule.

cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Charleston Housing Authority v. United States Dep't of Agriculture,* 419 F.3d 729, 740 (8th Cir. 2005), quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 189 (2000)( "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.") There is a well-established exception to the mootness doctrine for cases that are capable of repetition, yet escaping review. *Id.*

## DISCUSSION

This Court's jurisdiction over this matter is pursuant to 28 U.S.C. § 1331 (actions arising under the laws of the United States) and 29 U.S.C. § 185(c) of the Labor-Management Relations Act. It does appear that a change of circumstance, *i.e.*, the withdrawal of the grievance filed by Stephen M. Andersen, has caused the issues raised in the Complaint to be moot, eliminating the "controversy" and this Court's subject matter jurisdiction under Article III of the United States Constitution. The Plaintiff does not allege that the Defendant's conduct that gave rise to this action is reasonably expected to recur. To the contrary, the Plaintiff has not opposed the Motion to Dismiss. For these reasons,

   IT IS ORDERED:

   1. That the Defendant's Motion to Dismiss (Filing No. 17) is granted; and

   2. The Plaintiff's Complaint is dismissed, without prejudice, each party to bear its own costs.

   DATED this 5th day of February, 2007.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge

3